In re Jack Walter BRYCE, Relator.

No. 01–98–00955–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 9, 1998.

Bill De La Garza, Houston, for Relator.

H. Lynne Clarke, Houston, for Real Party In Interest.

Before Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

O'CONNOR, Justice.

Jack Walter Bryce, relator seeks habeas corpus relief from an order holding him in contempt.

### Factual Background

While her petition for divorce was pending, the real party in interest, Kimberly Bryce, asked the trial court to order her husband, Jack, to pay her interim attorney's fees and expenses as temporary spousal support and temporary child support to protect the best interest of the children. On July 2, 1998, the court held a hearing on Kimberly's request, and verbally ruled Jack should pay $13,000 in attorney's fees to Kimberly's attorney by July 10. When Jack did not make the payment, Kimberly filed a motion to enter the order in writing. The court heard this motion on July 16, 1998.

In the order on the motion, the court provided:

It is ORDERED that JACK WALTER BRYCE pay reasonable interim attorney's fees for the benefit of KIMBERLY ELAINE BRYCE for anticipated expenses of appraisals, accountants, actuaries and other experts necessary to evaluate the community estate, prepare for trial, and to protect the best interest of the children, in the amount of $6,500 to H. LYNNE CLARKE ... by 5:00 p.m. on or

before July 17, 1998, and $6,500 by 5pm 10–6–98.

When Jack did not make the interim attorney's fee payment on July 17, Kimberly sought enforcement of the order through contempt proceedings.

On September 1, 1998, the court held a hearing on Kimberly's enforcement motion. When Kimberly called Jack as a witness, he asserted his fifth amendment privilege against self-incrimination. U.S. Const. amend. V. Kimberly was then called as a witness and testified that Jack had been ordered to pay $6,500 interim attorney's fees on July 17, 1998, but that she had not received such a payment. Kimberly's counsel, Lynne Clarke, testified similarly. When Jack's counsel cross-examined Clarke, the following exchange occurred:

Jack's counsel: And you also were aware, back in July, prior to this order being entered, that he did not have the funds available on the date that this order was entered—

Clarke: No, sir. I was not.

Jack's counsel:—to pay it?

You know ma'am, that the only money he has at this time is the money in his retirement account, do you not?

At the conclusion of Kimberly's case, the following exchange occurred:

Jack's counsel: Judge, I will put on a case in chief.

Court: No, you can't do that. You've already objected to him testifying; and she wasn't able to call him as a witness.

Jack's counsel: She can cross him though, now, Judge, if I call him in my case in chief.

Court: She was not able to call him as a witness so that he could explain whether or not he had the ability to pay.

The court found Jack guilty of violating the July 16, 1998 order because he did not pay the interim attorney's fees. The court signed an order directing that Jack be incarcerated until he paid the $6,500 to Clarke for the benefit of Kimberly. Jack petitioned this Court for habeas corpus relief, and we ordered he be released upon his posting bond, pending our decision of this matter.

## Procedural Due Process

In issue four, Jack asserts the contempt order is void because he was denied the opportunity to present evidence and testify in his own behalf during the hearing.

 Civil contempt proceedings are considered quasi-criminal in nature, and the contemnor is entitled to procedural due process throughout the proceedings. *Ex parte Brister*, 801 S.W.2d 833, 835 (Tex.1990). Where the contempt occurs outside the presence of the court, due process requires that the accused be given an opportunity to be heard. *Ex parte Woodyard*, 952 S.W.2d 104, 107 (Tex.App.—San Antonio 1997, orig. proceeding). To be given an effective hearing, the accused must be given an opportunity to present evidence concerning any defenses he may have or the accused must knowingly waive the right. *Id.*

 Here, the court, by preventing Jack from putting on a case in chief, denied him an opportunity to present evidence concerning defenses he may have had to the contempt charge, including inability to pay the court ordered payments. Kimberly asserts that Jack did not preserve error because he did not make an offer of proof. Texas Rules of Evidence require a party to present evidence to the court by an offer of proof, unless the evidence was apparent from the context within which questions were asked. Tex.R. Evid. 103(a)(2). On cross-examination, Jack's counsel had asked Clarke questions regarding Jack's resources to make the payment. We hold it was apparent from the context within which the questions were asked that, had he not been prevented by the court from presenting evidence, Jack would have introduced evidence regarding his inability to make the ordered payment.

We resolve issue four in favor of Jack. Our resolution of this issue makes it unnecessary to address Jack's other issues. We order the clerk to issue a writ of habeas corpus direct-

ing the sheriff of Harris County to release Jack from custody.